THORNTON, J.
Defendant appeals from his conviction after a jury trial of criminal activity in drugs. ORS 167.207. He was found not guilty of criminal drug promotion, ORS 167.222, which allegedly arose out of the same transaction. The defendant’s single assignment of error is that there was insufficient evidence to support his conviction, and therefore the case should not have been submitted to the jury.
In deciding whether a jury verdict is supported by sufficient evidence, we look to the standard set forth in State v. Krummacher, 269 Or 125, 523 P2d 1009 (1974), which states:
"* * * In deciding whether the circumstances are sufficient to entitle the jury to find beyond a reasonable doubt that defendant was guilty, we must remember that it is not proper for us to hold that there is a reasonable doubt because of conflicts in the evidence. After a verdict of guilt, or in deciding whether the case should be submitted to the jury, such conflicts must be treated as if they had been decided in the State’s favor. After the conflicts have been so decided, we take such decided facts together with those facts about which there is no conflict and determine whether the inferences that may be drawn from them are sufficient to allow the jury to find defendant’s guilt beyond a reasonable doubt. [Citing cases.]. Our decision is not whether we believe defendant is guilty beyond a reasonable doubt, but whether the evidence is sufficient for a jury to so find. * * *” 269 Or at 137-38.
The evidence presented at trial, with conflicts resolved in the state’s favor, is as follows:
On June 2, 1976, officers from the Multnomah County Sheriff’s office executed a search warrant at a residence in northeast Portland. The warrant authorized the search of one Roger Edward Smith and the residence. The officers entered the home through a hole they had kicked in the front door and proceeded to the basement where the defendant, some other adults and a child were located. Upon entering the basement *[916] the officers noticed the defendant move from near a couch to behind a bar where he was seen to bend over near a stereo speaker and move his hands rapidly up and down.
After searching the defendant and the other individuals, the officers searched the basement. A brown powdery substance, later determined to be heroin, was found upon a record album cover near where defendant was first seen, and strewn on and around the stereo speaker, where defendant was observed bent over and moving his hands rapidly. One officer stated that he saw a similar-looking brown powder on one of defendant’s nostrils and his thumb and first two fingers of his right hand. None of the brown powder noticed on the defendant was preserved and tested to determine if it was heroin. A thumbprint, matching that of the defendant’s left thumb, was lifted from the record album.
To convict a person of criminal activity in drugs the state must prove beyond a reasonable doubt that the person knowingly and unlawfully possessed a dangerous or narcotic drug — in this case, heroin. ORS 167.207(1). Possession may be constructive or actual. We conclude that there was sufficient evidence of defendant’s possession of heroin to support the jury’s verdict. The jury could have inferred that the heroin found on and around the speaker was brushed from defendant’s hands. Further, the jury could have concluded that defendant was also in constructive possession of the heroin on the album cover as evidenced by the cover’s location in relation to the defendant and the presence of his thumbprint on the cover.
Defendant’s contention that the jury could not have found him to possess any heroin not on his person because he was acquitted of the criminal drug promotion charge cannot be sustained. The elements of criminal drug promotion applicable to this case are: (1) knowingly remaining (2) at a place used for the *[917] unlawful keeping of narcotic drugs. ORS 167.222.[1] Testimony by a defense witness who resided at the house where defendant was arrested indicated that she had never seen narcotics there before. There was evidence of only a small amount of heroin present at the house. Thus, the jury could have found that the house was not used for the unlawful keeping of heroin and acquitted the defendant on the criminal drug promotion charge without being inconsistent with the guilty finding on the criminal activity in drugs charge.
Affirmed.

 The "place” referred to in the statute has been construed by this court to mean "a place where a principal or substantial purpose is the commercial sale or use of illegal drugs.” State v. Smith, 31 Or App 749, 755, 571 P2d 542 (1977).